UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CANDACE EDWARDS                                    CIVIL ACTION

VERSUS                                             NO. 25-741

OCHSNER CLINIC FOUNDATION, ET AL.                  SECTION "A" (2)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss Amended Complaint (Rec. Doc. 18)**, filed by

Defendants Ochsner Clinic, LLC, Ochsner Clinic Foundation, Ochsner Health Foundation, L.L.C.,

and Ochsner Health Network (collectively, "Ochsner"). Plaintiff Candace Edwards opposes the

motion.[1] For the following reasons, the motion is granted in-part.

## I.    Background

This is an employment dispute allegedly arising out of (i) Plaintiff's wrongful termination

from Ochsner in 2021 and (ii) Ochsner's repeated refusal to rehire her for the three years that

followed her termination.[2] Plaintiff began her employment at Ochsner as a Clinical Medical

Assistant in October 2020.[3] She alleges that her employment was pretextually terminated in March

2021 after she "us[ed] an oven improperly when others who were not similarly situated (in status)

. . . used the oven [and] faced no adverse consequences."[4] Following her termination, she

repeatedly applied to positions (and was repeatedly denied re-employment) for several years

---

[1] The motion was originally noticed for submission on July 23, 2025. After Plaintiff failed to respond, the Court *sua sponte* continued the submission date to August 6, 2025 in the interest of justice. Plaintiff timely responded to the continued submission date in accordance with the Local Rules.

[2] Rec. Doc. 17, Amended Compl., ¶ 22, 24.

[3] Rec. Doc. 17, Amended Compl., ¶ 22.

[4] Rec. Doc. 17, Amended Compl., ¶ 49

before allegedly discovering at a July 23, 2024 interview that she was "blackballed from working at any Ochsner facility in Louisiana or Mississippi."[5]

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 7, 2025, nearly four years after her termination from Ochsner.[6] In the charge, she described the particulars of the alleged discrimination as follows:

> I. I began my employment with the above Respondent in October 2020 most recently as a Clinical Medical Assistant. In March 2021, I was discharged by Sheila Otto. The company employs over 500 persons.
>
> II. After my discharge, I was placed as a no rehire. The reason for discharge was because I used the company's oven. During my employment I was mistreated because I did not take the Covid shot. I was constantly harassed. After termination I applied to work with Respondent all over the State of Louisiana. In July 2024, after I was interviewed, Gianna Yancey asked me if I worked for them previously. After I stated that I had, Gianna was very rude while stating that all of the nurse positions across Louisiana and Mississippi were filled.
>
> III. I believe that I have been discriminated against based on my religion (Christian Scientist) and retaliated against in violation of Title VII of the Civil Rights Act of 1964 as amended.

(Rec. Doc. 18-2).

On April 15, 2025, she filed her original complaint in this lawsuit.[7] Ochsner timely responded with its first Motion to Dismiss for Failure to State a Claim,[8] which prompted Plaintiff to seek leave of court to amend her claims.[9] The Amended Complaint, filed June 24, 2025, asserts

---

[5] Rec. Doc. 17, Amended Compl., ¶ 49, 50.

[6] *See* Rec. Doc. 18-2.

[7] *See* Rec. Doc. 1.

[8] Rec. Doc. 11.

[9] Rec. Doc. 13.

four causes of action: (1) Title VII Discrimination; (2) Harassment; (3) Hostile Environment; and (4) Section 1981 Discrimination.[10]

## II.    Pending Motion

Through its motion, Ochsner seeks dismissal of Plaintiff's claims for a second time on the following three bases: (i) her claims are untimely; (ii) for each claim other than her Section 1981 claim, she failed to exhaust her administrative remedies with the EEOC; and (iii) even if Plaintiff's claims were timely and she exhausted her administrative remedies, the allegations in her Amended Complaint fail to state a claim upon which relief can be granted for any of her causes of action.[11]

Plaintiff raises the following arguments in opposition to Ochsner's motion. First, she argues that her Title VII (and accompanying state law claims) and her Section 1981 claims are timely because the limitations period was tolled by the continuing violation doctrine.[12] She next argues that her administrative remedies were fully exhausted before filing this lawsuit; but if they were not, then this is likewise salvaged by the continuing violation doctrine.[13] Last, she argues that her allegations suffice the requisite pleading standards necessary to overcome a motion to dismiss.[14] She asks, however, that the Court grant her leave to amend yet again if it finds her Amended Complaint to be deficient.[15]

---

[10] *See generally* Rec. Doc. 17, Amended Compl.

[11] Rec. Doc. 18-1, Mot. to Dismiss, at 1–2.

[12] Rec. Doc. 20, Pl.'s Resp. in Opp., at 4

[13] Rec. Doc. 20, Pl.'s Resp. in Opp., at 6.

[14] Rec. Doc. 20, Pl.'s Resp. in Opp., at 8.

[15] Rec. Doc. 20, Pl.'s Resp. in Opp., at 9. As explained below, all but one of Plaintiff's claims are time-barred. The remaining claim is dismissed without prejudice on the basis that she failed to exhaust her administrative remedies. Accordingly, Plaintiff's request that the Court grant her leave to amend her complaint a second time is denied on the basis that an amendment would not cure the defects serving as the bases for dismissal.

Ochsner replied in support of its motion,[16] and its relevant arguments are addressed in the Court's analysis below.

### III.    Legal Standard

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, district courts employ the two-pronged approach utilized in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A court "can choose to begin by identifying pleadings that, because they are no more than [unsupported] conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). But "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

The court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint

---

[16] *See* Rec. Doc. 22, Defs.' Reply in Support.

by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## IV.    Discussion

As previously explained, Plaintiff's Amended Complaint asserts four causes of action: (i) Title VII Discrimination; (ii) Harassment; (iii) Hostile Environment; and (iv) Section 1981 Discrimination. Ochsner contends that each of these claims should be dismissed on one or all of the following bases—timeliness, failure to exhaust administrative remedies, and failure to state a claim.[17]

### a.    Title VII[18]

Title VII of the Civil Rights Act of 1964 makes it unlawful for employers to "fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a)(1). In the context of a Title

---

[17] *See generally* Rec. Doc. 18-1, Mot. to Dismiss.

[18] Plaintiff's Amended Complaint is silent as to whether she asserts claims under Louisiana's antidiscrimination law ("LEDL"). *See generally* La. R.S. 23:333 (titled "Intentional discrimination in employment"). Out of an abundance of caution, the Court notes that "Title VII, § 1981, and LEDL discrimination claims are all analyzed under the Title VII framework." *Wilinson v. Pinnacle Lodging, L.L.C.*, No. 22-30556, 2023 WL 6518142, at *2 (5th Cir. Oct. 5, 2023) (citing *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (§ 1981); *La Day v. Catalyst Tech, Inc.*, 302 F.3d 474, 477 (5th Cir. 2002) (LEDL)).

As explained below, Plaintiff's Title VII claims for harassment and hostile work environment are dismissed as untimely, but even if they were timely, they would be dismissed for failure to state a claim on the basis that they amount to nothing more than speculative and conclusory allegations. The Court similarly doubts the sufficiency of Plaintiff's Title VII claim for religious discrimination; but because Plaintiff failed to exhaust her administrative remedies, that claim is dismissed without prejudice pending a final ruling from the EEOC or the issuance of a Right to Sue letter. Because LEDL claims are analyzed under the same framework, they, too, would be dismissed for failure to state a claim or, as it concerns the religious discrimination claim, dismissed without prejudice pending the resolution of the EEOC's investigation.

VII claim, separate causes of action exist where, as is the case here, a plaintiff alleges discrimination, harassment, or creating a hostile work environment. *See, e.g.*, *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 485 (5th Cir. 2014), *aff'd on other grounds*, 587 U.S. 541 (2019) (discrimination based on the plaintiff's religion); *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 455, 443 (5th Cir. 2011) (harassment based on the plaintiff's religion); *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 400–01 (5th Cir. 2007) (hostile work environment based on the plaintiff's religion).

Title VII plaintiffs may pursue their claims in federal court, but not before exhausting their administrative remedies. In the private sector, exhaustion occurs when the plaintiff (i) files a timely charge with the EEOC[19] *and then* (ii) receives a statutory notice of right to sue.[20] *See Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)). Normally, Title VII plaintiffs must file their charge with the EEOC within 180 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). But in a "deferral state" like Louisiana, the 180-day limitations period is extended to 300

---

[19] *See Ernst*, 1 F.4th at 337–38,

> EEOC regulations set the standards for Title VII charges. [*See EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753 n.5 (5th Cir. 2020) (per curiam), c*ert. denied,* —— U.S. ——, 141 S. Ct. 1048 (2021)]. An employee alleging discrimination under Title VII must submit a charge to the EEOC. *See* 29 C.F.R. § 1601.7(a). That charge must "be in writing and signed and . . . verified." *Id.* § 1601.9. To satisfy the verification requirement, a charge must be "sworn to or affirmed before a notary public, designated representative of the [EEOC], or other person duly authorized by law to administer oaths . . . or supported by an unsworn declaration in writing under penalty of perjury." *Id.* § 1601.3(a). Substantively, a charge must include the name and contact information of the person making the charge, the same information of the accused individuals, a factual statement of the allegations, the size of the employer, and disclosure of whether the allegations have already been brought to a state or local agency. *See id.* § 1601.12(a).

[20] The Court notes that administrative exhaustion is neither a jurisdictional requirement nor "merely a procedural gotcha issue." *Ernst*, 1 F.4th at 337. Instead, it "is a mainstay of proper enforcement of Title VII remedies" that "facilitate[s] the [EEOC's] investigat[ory] and conciliatory functions and . . recognize[s] [the EEOC's] role as primary enforcer of anti-discrimination laws." *Id.* (quotation omitted).

days for individuals who file with a "State or local agency." La. R.S. 51:2231(A); *see also Lavigne v. Cajun Deep Founds.*, L.L.C., 654 F. App'x 640, 643 (5th Cir. 2016).

In the present case, the following dates are all that can be gleaned from the amended complaint: (i) October 2020—Plaintiff's employment at Ochsner began;[21] (ii) March 11, 2021—Plaintiff's employment at Ochsner was terminated;[22] (iii) March 2021 to July 23, 2024—Plaintiff alleges she repeatedly tried and was repeatedly refused rehiring at Ochsner;[23] (iv) July 23, 2024—Plaintiff allegedly learns she was "blackballed from working at any Ochsner facility in Louisiana or Mississippi."[24] Although absent from the complaint, Plaintiff's Charge of Discrimination (dated January 7, 2025) was attached to Ochsner's motion,[25] but there is no evidence establishing that she received a "Right to Sue" letter from the EEOC before initiating this lawsuit—a deficiency the Court will return to later in this order.

Plaintiff's Title VII claims "generally must arise out of" her EEOC charge, *Ernst*, 1 F.4th at 337, so it must construe Plaintiff's charge "in its broadest reasonable sense and ask whether [her] claim[s] can reasonably be expected to grow out of [it]." *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quotation omitted). It is also true that Plaintiff's Title VII claims "can include only those allegations that are like or related to those allegations contained in [her] EEOC charge." *Id.* As such, the Court will not consider Title VII claims that were not "asserted before the EEOC or that do not fall within the scope of the EEOC investigation [such

---

[21] Rec. Doc. 17, Amended Compl., ¶ 22.

[22] Rec. Doc. 17, Amended Compl., ¶ 22.

[23] Rec. Doc. 17, Amended Compl., ¶ 24.

[24] Rec. Doc. 17, Amended Compl., ¶ 50.

[25] Rec. Doc. 18-2; *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (explaining that a court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint*"*).

that they] can reasonably be expected to grow out of the charge of discrimination" that Plaintiff "ma[de] before the EEOC." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016) (per curiam) (quotation omitted).

The Particulars of Plaintiff's EEOC charge, which only alleges discrimination based on religion and retaliation, are as follows: (i) she was discharged because she used the company's oven; (ii) she was mistreated because she did not take the COVID shot on religious grounds; (iii) she was "constantly harassed"; and (iv) Ochsner refused to rehire her.[26] The particulars also clarify that Plaintiff "believe[s] she was discriminated against based on [her] religion."[27]

### 1. *Title VII Discrimination*

To establish a prima facie case of religious discrimination under Title VII, the plaintiff must:

> [P]resent evidence that (1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement.

*Davis*, 763 F.3d at 485.

Additionally, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act," so the EEOC charge "must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In other words, a Title VII plaintiff may not salvage a time-barred claim based on a

---

[26] Rec. Doc. 18-2.

[27] Rec. Doc. 18-2.

"[d]iscrete act[] such as termination, failure to promote, denial of transfer, or refusal to hire," under the continuing violations doctrine. *Id.* at 113–14.[28]

It is unclear from the face of Plaintiff's complaint what, if any, alleged conduct amounts to Title VII discrimination. Her cause of action alleges, in relevant parts, that Ochsner committed the following infractions: (i) "intentionally discriminated against [her] on the basis of her race (African American), color (Black), sex (Female) and religious belief (Christian Scientologist); (ii) willfully "acted in reckless disregard for [her] rights"; and (iii) "created, tolerated and condoned unlawful and harassing conduct that was severe and pervasive, and directed toward the Plaintiff on the basis of her race, color, sex and religious belief."[29] These allegations "are no more than [unsupported] conclusions, are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679. As such, they would normally be dismissed for her failure to state a claim upon which relief can be granted.

But the Court is mindful that it must also liberally construe her EEOC charge. *Davenport*, 891 F.3d at 167. In construing the EEOC charge in its broadest reasonable sense, the Court infers that, at best, the scope of Plaintiff's Title VII discrimination claim comprises the allegations that she was wrongfully terminated and that Ochsner later refused to rehire her based because of her religious affiliation.[30] The scope of her claim does not, however, extend to any conduct directed

---

[28] The Supreme Court considered this very issue in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). On appeal, the Ninth Circuit "applied the continuing violations doctrine to what it termed 'serial violations,' holding that so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the purposes of liability." *Id.* at 114. The Supreme Court reversed, holding that "[e]ach incident of *discrimination* and each *retaliatory adverse employment* decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* (emphasis added). As the Court noted, however, the time period for filing a charge with the EEOC remains "subject to equitable doctrines such as tolling or estoppel," but such doctrines "are to be applied sparingly." *Id.* at 113.

This Court notes, for the purpose of the present motion, that the *Morgan* holding does not extend to claims based on a hostile work environment.

[29] *See* Rec. Doc. 17, Amended Compl., ¶¶ 51–57.

[30] This largely comports with the arguments Plaintiff makes in her opposition to Ochsner's motion. *See* Rec. Doc. 20, at 6.

toward Plaintiff on the basis of her race, color, or sex.[31] Having determined the scope of Plaintiff's Title VII cause of action for discrimination, the Court turns its attention to its timeliness and whether she fully exhausted her administrative remedies before filing this lawsuit.

Wrongful termination and refusal to rehire are each considered discrete acts, *Morgan*, 536 U.S. at 114; and, because the continuing violations doctrine does not apply to such actions, *id.* at 113, the earliest discrete act on which Plaintiff can rely must have occurred within the 300 days before she complained to the EEOC.[32] So the only timely discrete act alleged in Plaintiff's complaint is that Ochsner refused to hire her in July 2024.

As it concerns the issue of exhausting administrative remedies, the Court finds that Plaintiff has failed to do so because there is no evidence that she received a "Right to Sue" letter from the EEOC. As explained in *McClain v. Lufkin Industries, Inc.*, "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." 519 F.3d 264, 273 (5th Cir. 2008).

Accordingly, the Title VII allegation that Ochsner wrongfully terminated Plaintiff is dismissed as time-barred, and the allegation that Ochsner later refused to rehire Plaintiff based on her religious affiliation and her exemption from the COVID vaccine is dismissed without prejudice pending the results of the EEOC's investigation. To the extent that Plaintiff contends she has asserted a Title VII claim based on a discrete act related to Plaintiff's race, color, or sex, her claim is dismissed with prejudice on the basis that they could not reasonably grow out of her administrative charge. *Chhim*, 836 F.3d at 472.

---

[31] Rec. Doc. 17, Amended. Compl., ¶ 54, 56.

[32] Plaintiff's EEOC charge is dated January 7, 2025. Rec. Doc. 18-2. Accordingly, any alleged discrete act occurring before March 12, 2024 is time-barred.

### 2.  *Title VII Harassment and Hostile Work Environment*

Title VII causes of action for harassment and hostile work environment are similar in at least two regards: first, they share a common analytical framework,[33] and second, they are each distinct from a cause of action for discrimination in that they may be subject to the continuing violation doctrine. *See Morgan*, 536 U.S. at 115. Under this doctrine, if "an act contributing to the [harassment or hostile work environment] claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 118.

In this case, Plaintiff's allegations of harassment and hostile work environment are speculative and conclusory at best, and may be dismissed on that basis alone. But even if they were adequately plead, they would still be dismissed as untimely. As previously explained, only Plaintiff's claim that Ochsner refused to hire her on July 23, 2024—a discrete act not subject to the continuing violation doctrine—is timely under Title VII. As such, the Court need not address the merits of her claims for harassment and hostile work environment.

### b.  Section 1981

Plaintiff alleges that Ochsner "intentionally discriminated against [her] in her contract based on her race, color, sex and religious belief" in violation of 42 U.S.C. § 1981.[34] She further claims that such discrimination "affected her ability to continue working and to be effective at her job while employed," which led to her "being fired by [Ochsner] on pretext."[35]

---

[33]  "To establish a prima facie case of harassment based on religion, a plaintiff must produce evidence that (1) he belongs to a protected class; (2) he was subject to unwelcome harassment; (3) the harassment was based on religion; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action." *Dediol*, 655 F.3d at 443. The same standard applies to claims based on a hostile work environment. *See WC&M Enters., Inc.*, 496 F.3d at 399.

[34]  Rec. Doc. 17, Amended Compl., ¶ 73.

[35]  Rec. Doc. 17, Amended Compl., ¶¶ 74–75.

In *Body by Cook, Inc. v. State Farm Mutual Automobile Insurance Co.*, the Fifth Circuit explained:

> Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). "Make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b). To establish a § 1981 claim for contractual discrimination, Plaintiffs must allege that (1) they are members of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute— here, making a contract. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims.

869 F.3d 381, 386 (5th Cir. 2017).

Plaintiff's Section 1981 claim is dismissed for at least two reasons. First, the Amended Complaint lacks well-pleaded factual allegations sufficient to support a Section 1981 claim. *Ashcroft*, 556 U.S. at 679. And second, even if the allegations amounted to something more than an unsupported conclusion, her claim is untimely—which the Court briefly explains below.

There are two limitations periods for claims arising under 42 U.S.C. § 1981—those arising pre-contract formation and those arising post-contract formation. *See Mitchell v. Crescent River Port Pilots Ass'n*, 515 F. Supp. 2d 666, 676 (E.D. La. 2007) (Vance, J.). The starting point for the analysis is identifying the contract forming the basis of the Section 1981 claim, which in this case is Plaintiff's employment agreement. Her Amended Complaint baldly alleges that (i) "Defendants intentionally discriminated against [Plaintiff] in her contract based on her race . . . in violation of Section 1981,"[36] which (ii) "affected her ability to continue working and to be effective at her job

---

[36] Rec. Doc. 17, Amended Compl., ¶ 73.

while employed,"[37] and (iii), as a result of the discrimination, she was "fired by Defendants on

pretext."[38] So it can be gleaned that the complaint asserts a post-contract formation Section 1981

claim.[39]

      "When a § 1981 claim arises post-contract formation, it is subject to a four-year statute of

limitations period under 28 U.S.C. § 1658." *Nicholson v. W.L. York, Inc.*, No. 23-20440, 2024 WL

913378, at *3 (5th Cir. Mar. 4, 2024). This period "commences when the plaintiff either has actual

knowledge of the violation or has knowledge of facts that, in the exercise of due diligence, would

have led to actual knowledge." *Id.* (quoting *In re Monumental Life Ins. Co.*, 365 F.3d 408, 420

(5th Cir. 2004)). In this case, the most recent articulable event occurring post-contract formation

that could give rise to a Section 1981 claim is Ochsner's termination of her employment agreement,

which occurred on March 11, 2021.[40] *See Body by Cook, Inc.*, 869 F.3d at 386. Employment

termination is a discrete act, not subject to the continuing violation doctrine. *Morgan*, 536 U.S. at

114. As such, a well-pleaded Section 1981 claim was time-barred as of March 12, 2025—a month

before this lawsuit was filed (April 15, 2025).

      Accordingly;

      **IT IS ORDERED** that the **Motion to Dismiss Amended Complaint (Rec. Doc. 18)** is

**GRANTED in-part as follows:**

- Plaintiff's Title VII discrimination claim that Ochsner wrongfully terminated her
  on March 11, 2021 is **DISMISSED WITH PREJUDICE as time-barred**.

---

[37] Rec. Doc. 17, Amended Compl., ¶ 74.

[38] Rec. Doc. 17, Amended Compl., ¶ 75.

[39] The Court notes, out of an abundance of caution, that if the Amended Complaint could be construed as asserting that a pre-contract formation cause of action under Section 1981 exists by virtue of Plaintiff being denied an employment contract on July 23, 2024, her claim would fail for lack of a contract contemplated by both parties. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins. Co.*, 355 F. Supp. 3d 533, 541 (E.D. La. 2018) (Morgan, J.).

[40] Rec. Doc. 17, Amended Compl., ¶ 22.

- Plaintiff's Title VII discrimination claim that Ochsner refused to hire her on July 23, 2025 based on her religious affiliation and her exemption from the COVID vaccine, which the Court has construed liberally, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Plaintiff may seek leave of court to reopen this case upon conclusion of the EEOC's investigation.

- To the extent that Plaintiff contends she has asserted a Title VII discrimination claim based on a discrete act related to Plaintiff's race, color, or sex, her claim is **DISMISSED WITH PREJUDICE** on the basis that it could not reasonably grow out of her administrative charge.

- Plaintiff's Title VII harassment and hostile work environment claims are both **DISMISSED WITH PREJUDICE as time-barred**.

- Plaintiff's Section 1981 claim is **DISMISSED WITH PREJUDICE as time-barred.**

August 8, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE